IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,952-01 & WR-72,952-02






EX PARTE JUAN ALBERTO PEREZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 8289 & 8290 IN THE 21ST DISTRICT COURT


FROM BASTROP COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was twice convicted of
sexual performance of a child and sentenced to fifteen years' imprisonment for each conviction. 

 Applicant, inter alia, contends that he was denied a fair parole revocation hearing. Applicant
has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit answering Applicant's claims and submitting records from Applicant's parole revocation
hearing. 

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant was given proper
parole revocation proceedings. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 9, 2009

Do not publish